## SMITH v. STORK et al.

(Supreme Court, Appellate Division, Second Department. May 1, 1908.)

TRIAL—DISMISSAL—CONFLICTING EVIDENCE.
　　Where the evidence is conflicting, but there is evidence supporting plaintiff's contention sufficient to go to the jury, and a verdict for plaintiff is set aside as against the weight of evidence, the complaint should not be dismissed, but at most the court should only order a new trial.
　　[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, §§ 332, 333.]

Appeal from Trial Term, Kings County.

Action by Ernst Smith against Emilie C. Stork and another. From an order dismissing the complaint after a verdict in plaintiff's favor, plaintiff appeals. Modified and affirmed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and MILLER, JJ.

John T. Fenlon (John V. Judge, on the brief), for appellant.
Robert Stewart, for respondents.

HOOKER, J. Plaintiff invites the review of an order granted by the learned trial court dismissing his complaint after a verdict in his favor. From the opinion it would seem that two reasons were assigned for interfering with the verdict of the jury—one, that there was no evidence from which the jury were warranted in finding that the attorney was authorized to act for the defendants. The other was that the verdict was against the weight of evidence.

If there was any evidence to present to the jury, the complaint should not have been dismissed, and the order may be sustained, with the modification that the verdict was against the weight of the evidence. The jury were justified in finding that defendants and plaintiff were parties defendant in an action brought by the Farmers' Loan & Trust

Company against them and others to determine the ownership of a fund then in the custody of the plaintiff in that action; that this plaintiff, through his attorney, called on the defendant Jackson relative to an adjustment of the claim of plaintiff and said Jackson to said fund, and that she, said Jackson, referred plaintiff's agent to one Hartman, who in turn sent him to Robert Stewart, her attorney; that afterwards plaintiff's attorney, Fenlon, took up the matter of said adjustment or settlement with said Robert Stewart by correspondence and personal interviews, with the result that said Stewart's client was to receive $2,000 of said fund, and from said amount of $2,000 plaintiff was to be paid $450; and this action is brought to recover the latter sum. Many circumstances corroborating these facts developed on behalf of the plaintiff. The defendants offered evidence from which the jury would have been warranted in determining the issue in defendants' favor. The trial court, having seen all of the witnesses and considered fully the evidence, was of the opinion that the verdict ought not to stand, because the weight of the evidence was with the defendants. The most it should have done, however, was to order a new trial, rather than to dismiss the complaint.

The order should be modified, by striking out the provision for the dismissal of the complaint, and should further provide that the defendants pay the costs and disbursements of the trial as a condition for a new trial, and, as so modified, affirmed, with costs to the plaintiff in this court. All concur.