this legislative body, it could readily have so declared. I think that the qualification of an office or place as legislative is determined by the main duties thereof, and not by the fact that the placeman is elected or appointed by the legislative body itself. A policeman of the city of New York is a policeman none the less, although he is not appointed by the Legislature, the body primarily vested with the police power. Moreover, these deputies and employés are appointed by a legislative officer directly chosen by the legislative body. The method of appointment is but one of convenience, and does not affect the character of the duties of the appointees. I am confirmed in the opinion that such appointees are within the unclassified class by the expression of this court in the First department. People ex rel. Martin v. Scully, 56 App. Div. 302, 67 N. Y. Supp. 839.

It is also contended that these employés are outside of the unclassified class for the reason that they aid the city clerk in the discharge of other official duties cast upon him which are not legislative. Even if this were so, this circumstance would not determine that the duties of these appointees were not legislative, provided they were appointed to discharge legislative duties and the work done by them was mainly legislative. The city clerk and clerk to the board of aldermen returns that, when the board of aldermen and its committees are in session, his force is not sufficient to do the work of that body; that the entire force is engaged in such work; that the board meets once a week in every month, save in August and September; that its committees meet daily, and that sometimes several committees meet at the same time; and that, outside of the lull in summer, he and all helpers can only keep abreast of this work; and he also returns that there is no division of work in his office between the duties of city clerk and those of clerk to the board of aldermen. These allegations, as I have said, must be taken by us as true.

If the relator have a grievance, it arose on January 1, 1898, at the time he came into the office of the city clerk, and so I am inclined to the opinion that the relator has shown laches in his application. See People ex rel. Miller v. Sturgis, 82 App. Div. 580, 81 N. Y. Supp. 816, appeal dismissed 178 N. Y. 632, 71 N. E. 1137.

The order is affirmed, with $10 costs and disbursements. All concur.

---

FRAHM v. NEW YORK & Q. C. RY. CO.

(Supreme Court, Appellate Division, Second Department. April 23, 1909.)

APPEAL AND ERROR (§ 1178*)—DISPOSITION OF CAUSE—REVERSAL—NEW TRIAL.
    Where there were grounds which would have justified a new trial, and the court set aside the verdict, but dismissed the complaint on its merits, and defendant on appeal admitted that the dismissal was not justified, and consented that the judgment be modified to direct a new trial, the case should be sent back for a new trial, and the judgment not reversed, with a reinstatement of the verdict.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4604–4620; Dec. Dig. § 1178.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Queens, First District.

Action by William J. Frahm against the New York & Queens County Railway Company. Judgment of dismissal, and plaintiff appeals. Modified and affirmed.

Argued before WOODWARD, JENKS, GAYNOR, BURR, and RICH, JJ.

Eugene N. L. Young (James R. McNally and Joseph A. Hart, on the brief), for appellant.

Anthony J. Ernest, for respondent.

WOODWARD, J. The plaintiff had a verdict for $438.25 damages sustained by his horses, wagon, and harnesses in an accident upon the defendant's surface railroad on Jackson avenue, Long Island City, and there does not appear to be any doubt that the case presented evidence which required its submission to the jury; the learned trial court denying motions to dismiss both at the close of plaintiff's evidence and upon the defendant resting. Upon the coming in of the verdict, counsel for defendant moved to set it aside and for a new trial, but did not include in the motion any request to dismiss the complaint. The learned court reserved decision upon this motion, but subsequently granted the same, including in the order a dismissal of the complaint.

Upon this appeal counsel for the defendant admits that this part of the order is not justified, and consents to the modification of the order of dismissal, so as to direct that a new trial be had, with costs to abide the event, under the authority of Smith v. Stork, 126 App. Div. 355, 110 N. Y. Supp. 749, and Powers v. Miller, 123 App. Div. 396, 107 N. Y. Supp. 960. The plaintiff urges, however, that he is entitled to a complete reversal of the judgment and a reinstatement of the verdict. An examination of the case convinces us that there were grounds which justified the learned court in granting the motion to set aside the verdict and to grant a new trial, the charge of the court in reference to the damages, the evidence being somewhat uncertain, being open to objections; and, as the respondent concedes that the order should be modified, we are of the opinion that we ought not to assume to dispose of the controversy, but should send it back for a new trial.

The order dismissing the complaint, and the judgment entered thereon, should be modified, so as to direct a new trial in the district where the action was brought, and, as so modified, should be affirmed, without costs. All concur.